**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2140-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RHADISHA S. MAURRASSE,
a/k/a RHDISHA S. MAURRASSE,

    Defendant-Appellant.

_____

Submitted November 18, 2025 – Decided December 5, 2025

Before Judges Rose and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 22-11-1086.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Hudson E. Knight, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In 2023, defendant Rhadisha S. Maurrasse pled guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), as amended from first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2), following the shooting death of an innocent bystander caught in her line of fire. In mitigation of sentence, plea counsel argued defendant's intended target threatened her family some time prior to the shooting. Finding aggravating factors three (risk of committing another offense) and nine (general and specific deterrence), N.J.S.A. 2C:44-1(a)(3), (9), in equipoise with mitigating factors seven (defendant "has led a law-abiding life for a substantial period of time") and nine (defendant's character and attitude indicate an unlikelihood of reoffending), N.J.S.A. 2C:44-1(b)(7), (9), the judge sentenced defendant – in accordance with the terms of the negotiated plea agreement – to a twenty-year prison term, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.[1]

Defendant now appeals from a March 6, 2025 order denying her petition for post-conviction relief (PCR) without an evidentiary hearing. Pertinent to her reprised contentions on appeal, defendant argued plea counsel rendered ineffective assistance by failing to argue a litany of statutory mitigating factors

---

[1] We heard defendant's direct appeal, which only challenged her sentence, on a sentencing calendar, see R. 2:9-11, and affirmed. State v. Maurrasse, No. A-3160-22 (App. Div. Dec. 6, 2023).

A-2140-24

at sentencing. In a cogent oral decision, Judge Joseph A. Paone thoroughly analyzed defendant's claims in view of the record and governing law.

On appeal, defendant raises a single point for our consideration:

> THE DENIAL OF PCR . . . SHOULD BE REVERSED BECAUSE DEFENSE COUNSEL RENDERED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE AT SENTENCING.

Although defendant acknowledges, at sentencing, plea counsel addressed her remorse and the intended victim continuously threatened her family, she maintains counsel failed to address any statutory mitigating factors or her "deeply tumultuous and damaging childhood." In particular, defendant argues these issues were "relevant to mitigating factor four," N.J.S.A. 2C:44-1(b)(4) (substantial grounds excused defendant's conduct). Claiming she demonstrated a prima facie claim of ineffective assistance of counsel, defendant seeks reversal and resentencing. In the alternative, defendant requests an evidentiary hearing on her PCR claims.

We have considered defendant's arguments in light of the applicable law, and conclude they lack sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), beyond the comments that follow. We affirm substantially for the reasons stated by Judge Paone in his well-reasoned decision.

A-2140-24

We review a judge's decision to deny a PCR petition without a hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). "Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020); see also State v. Nash, 212 N.J. 518, 540-41 (2013).

To obtain relief based on ineffective assistance grounds, a defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also the deficiency prejudiced the defendant's right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey) (Strickland/Fritz test). A "failure to present mitigating evidence or argue for mitigating factors . . . even within the confines of [a] plea agreement" may rise to the level of ineffective assistance of counsel. State v. Hess, 207 N.J. 123, 154 (2011).

A defendant is not automatically entitled to an evidentiary hearing by simply raising a PCR claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant is entitled to an evidentiary hearing only when he or she "has presented a prima facie [case] in support of [PCR]," State v. Marshall,

148 N.J. 89, 158 (1997) (first alteration in original) (italicization omitted) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning a "defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." Ibid.

In the present matter, Judge Paone, who neither entered defendant's guilty plea nor imposed sentence, nonetheless demonstrated his familiarity with the facts underpinning defendant's conviction and the arguments advanced by plea counsel in mitigation of sentence. The judge analyzed each potential mitigating factor suggested by PCR counsel and why those factors were inapplicable here. As to mitigating factor four, the judge found plea counsel "argued at sentencing for greater lenity" in view of defendant's "troubled background and her perceived threat from another." The record, including the presentence report expressly cited by the sentencing judge, supports the PCR judge's findings.

We therefore conclude defendant failed to demonstrate a reasonable likelihood her PCR claim would ultimately succeed on the merits and failed to satisfy either prong of the Strickland/Fritz test. Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. See Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2140-24